**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jerome WEATHINGTON,**
**Defendant–Appellant.**

**No. 10–30888**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 13, 2011.

Josette Louise Cassiere, Assistant U.S. Attorney, Nicole O'Brien Snyder, U.S. At-

---

\* District Judge of the Western District of Texas, sitting by designation.

torney's Office, Shreveport, LA, for Plaintiff–Appellee.

Angela Barbera Odinet, LaFayette, LA, for Defendant–Appellant.

Before WIENER, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

■ Jerome Weathington appeals his 60–month sentence imposed following his jury-trial conviction for assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6). He argues that the district court selected a sentence based on the clearly erroneous fact that he was the sole aggressor in a fight with a fellow inmate and therefore his sentence was procedurally unreasonable. He asserts that he was not the sole aggressor because he acted in self-defense. Because the jury rejected the argument that Weathington acted in self-defense, Weathington cannot show that the district court plainly erred in its factual findings. *See Puckett v. United States,* 556 U.S. 129, 129 S.Ct. 1423, 1429, 173 L.Ed.2d 266 (2009).

■ Weathington also argues that his history and characteristics and the nature and circumstances of the offense do not support his sentence because he acted in self-defense. He has not shown that his sentence did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or represented a clear error of judgment in balancing sentencing factors. *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir.2009), *cert. de-*

nied, —— U.S. ——, 130 S.Ct. 1930, 176 L.Ed.2d 397 (2010). As a result, he has failed to overcome the presumption of reasonableness that attaches to his within-the-guidelines sentence on appellate review. *See United States v. Campos–Maldonado,* 531 F.3d 337, 338 (5th Cir.2008). Weathington has therefore failed to demonstrate that the district court abused its discretion by imposing an unreasonable sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Accordingly, the judgment of the district court is AFFIRMED.

Appointed counsel's motion to withdraw and to appoint substitute counsel based on her acceptance of employment with the District Attorney's Office is GRANTED.

---

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.